IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| INTERNATIONAL FIDELITY INSURANCE COMPANY, ) ) ) Plaintiff, ) ) v. ) MET-PRO CORPORATION, ET. AL., ) ) Defendant. ) | CIVIL ACTION NUMBER CV-98-C-0308-S |

**MEMORANDUM OF OPINION**
**GRANTING SUMMARY JUDGMENT**

    On February 10, 1998, Plaintiff International Fidelity Insurance Company ("International Fidelity"), brought this action to enforce its rights of indemnification and reimbursement pursuant to Ala. Code § 8-3-5 (1975) and an indemnity agreement with the Defendants. Pending before the Court is Plaintiff's Motion for summary judgment. Upon careful consideration of all submitted materials, affidavits, and briefs, this Court concludes that Plaintiff is entitled to summary judgment as a matter of law based on the undisputed facts.

I.

    Plaintiff International Fidelity is a New Jersey corporation duly authorized and engaged in the surety bond business. International Fidelity issued a series of performance and labor



bonds in favor of various parties with respect to projects
undertaken by Defendants Met-Pro Corporation and Met-Pro
Environmental (collectively "Met-Pro") in the states of Alabama
and Mississippi. As consideration for the issuance of the bonds,
Met-Pro, Robert B. Etheridge, and Myrtle W. Etheridge, agreed on
June 11, 1991, to indemnify International Fidelity from and
against any and all liabilities for losses and expenses. See
Complaint, Exhibit A. The June Agreement was signed by all
parties. See id. Although defendants deny that Met-Pro entered
into such an agreement or that R.B. Etheridge or Myrtle Etheridge
agreed to personally indemnify Plaintiff, there is no evidence
challenging the validity of the document.

As a result of Met-Pro's failure to perform various projects
bonded by International Fidelity, International Fidelity suffered
losses totaling $3,199,064.28. See Supplemental Tanzola
Affidavit at 2. Three Million Five Hundred Twelve Thousand Six
Hundred Ninety-Six Dollars and 04/100 ($3,512,696.04), exclusive
of interest, was paid out to satisfy the bond obligations. See
Tanzola Affidavit ¶ 2. Consulting fees, attorney's fees, and
other expenses total another Six Hundred Eighty-Four Thousand
Five Hundred Fifty-Seven Dollars and 42/100 ($684,557.42). See
id. To date, Plaintiff has recovered one Million Nine Thousand
Six Hundred Thirty-Three Dollars and 35/100 ($1,009,633.35) in

contract balances[1] and related salvage on the various bonded projects and expended Eleven Thousand Four Hundred Forty-Four Dollars and 17/100 ($11,444.17) in salvage expenses. See id.; Supplemental Tanzola Affidavit ¶ 3.

Plaintiff acknowledges that it has a claim pending before the Board of Contract Appeals regarding a bond issued on behalf of Met-Pro on a project in Mississippi. To the extent that Plaintiff recovers in that action, the amount of judgment should be offset with its claim before this court.

II.

The law governing summary judgment is well settled. Summary judgment is appropriate where the movant demonstrates that there is no genuine issue as to any material facts and that, based upon the undisputed facts, the movant is entitled to judgment as a matter of law. See Early v. Champion International Corp., 907 F.2d 1077, 1081 (11th Cir. 1990). Once the movant has met its burden of establishing the lack of a genuine issue as to any material facts, the non-moving party must come forward with significant, probative evidence demonstrating the existence of a triable issue of material fact. See Chanel, Inc. v. Italian Activewear, Inc., 931 F.2d 1472, 1477 (11th Cir. 1991). The court must view the facts in a light favorable to the non-moving

---

[1]There was a typographical error in the original Tanzola Affidavit which Plaintiff explained and corrected in its Reply to Opposition to Motion for Summary Judgment, and a Supplemental Tanzola Affidavit.

party.

### III.

After reviewing the entire record, this Court finds that there are no genuine issues of material fact and that the Plaintiff is entitled to judgment as a matter of law.

Plaintiff offers two grounds for its right to indemnity from the Defendants: (1) Ala. Code § 8-3-5, and (2) the June 1991 Agreement.

Ala. Code § 8-3-5 clearly provides: "Payment by a surety . . . entitles him to proceed immediately against his principal for the sum paid, with interest thereon, and all legal costs to which he may have been subjected by the default of the principal."

The Agreement of Indemnity, signed by R.B. and Myrtle Etheridge on June 11, 1991, reads in relevant part:

> The Contractor and Indemnitors shall exonerate, indemnify, and keep indemnified the Surety from and against any and all liability for losses and/or expenses of whatsoever kind or nature (including, but not limited to interest, court costs and counsel fees) and from and against any and all such losses and/or expense which the Surety may sustain and incur: (1) By reason of having executed or procured the execution of the Bonds, (2) By reason of the failure of the Contractor or Indemnitors to perform or comply with the covenants and conditions of this Agreement or (3) In enforcing any of the covenants and conditions of this Agreement. . . .

Defendants offer no evidence to challenge the validity of the Agreement or Plaintiff's right to indemnification.

Based on the evidence, the Defendants are bound to indemnify

4

the Plaintiff for any losses it accrued as a result of the bonds issued on behalf of Defendants.

## CONCLUSION

To prevail on its claim, Plaintiff needed to show that it was entitled to indemnification from Defendants for the losses incurred on their behalf. Having met its burden in showing that there is no genuine issue of material fact with respect to the existence of an agreement and duty on the part of Defendants to indemnify Plaintiff, the burden shifted to Defendants to demonstrate a triable issue of fact. Defendants failed to offer any evidence in support of their allegations that they did not agree to indemnify the Plaintiff.

Based on the foregoing, there being no disputable issue of fact, Plaintiff's Motion for Summary Judgment will be granted, by separate order.

DONE this 28th day of August, 1998.

_____
UNITED STATES DISTRICT JUDGE
U.W. CLEMON